UNITED STATES DISTRICT COURT           <u>ELECTRONIC PUBLICATION ONLY</u>
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RALPH MOREA, JR. and CHARM
DEVELOPMENTS II, LLC,

                *Plaintiffs,*                              MEMORANDUM
                                                              <u>AND ORDER</u>
    -against-                                                  09-CV-4410 (JG)(LB)
                                                                 09-CV-3935 (JG)(LB)
MITCHELL SAYWITZ and BUILDERS BANK,

                *Defendants.*
-------------------------------------------------------------------X
A P P E A R A N C E S:

    THE MARANTZ LAW FIRM
    150 Theodore Fremd Avenue
    Rye, New York 10580
    By:    Neil G. Marantz
    *Attorneys for Plaintiffs*

    LAW OFFICES OF RICHARD D. GROSSMAN
    225 West Wacker Drive
    Chicago, Illinois 606060
    *Attorney for Defendants*

JOHN GLEESON, United States District Judge:

        On October 9, 2009, Ralph Morea, Jr. ("Morea") and Charm Developments II, LLC ("Charm") filed their complaint in this action, seeking injunctive relief and damages against Builders Bank ("the Bank") for alleged violations of state law. On October 14, 2009, Builders Bank removed the case to this court.[1] On October 29, 2009, I denied the plaintiffs' request for interim injunctive relief. On November 4, 2009, the plaintiffs withdrew their motion for a preliminary injunction. On November 16, 2009, the plaintiffs filed an amended complaint

---

[1] This case was originally assigned to the Honorable Nicholas G. Garaufis. However, it was transferred to me on October 29, 2009 because of its relationship to a case that was already pending before me. This other case, 09-CV-3935, is a foreclosure action filed in September 2009 by Builders Bank against Charm, Ralph Morea, Sr., Antoinette Morea, Ralph Morea, Jr. and the New York City Transit Authority. That action seeks to foreclose on the property at issue in this motion to dismiss.

against Saywitz and the Bank, alleging claims for breach of contract, breach of fiduciary duty, abuse of process, conversion, trespass and fraud. The defendants now move to dismiss the complaint in its entirety. I heard oral argument on February 5, 2010. For the reasons stated below, the motion to dismiss is granted in part and denied in part.

BACKGROUND

The following facts, taken from the plaintiffs' complaint, are assumed to be true for the purposes of this motion.

In 2005, Charm entered into various loan agreements with the Bank in order to purchase and develop property in Brooklyn, New York. Morea, the principal of Charm, acted as a guarantor of the loans along with his parents, Ralph Morea, Sr. and Antoinette Morea. Morea intended to construct and develop the property as a residential condominium. The project subsequently fell behind schedule and Morea advised the Bank that the project required additional funding. Thereafter, the Bank declared Charm in default of its loans, invoked a 24% interest rate and commenced a foreclosure action against Charm, Morea and his parents.

Mitchell Saywitz, the principal of the Bank, advised Morea that the foreclosure action would be dropped if Morea agreed to share 50% of the proceeds of the project with the Bank. In addition, the Bank agreed to contribute the capital necessary to complete the project. Morea accepted the Bank's proposal. The parties then entered into written agreements, including a March 2009 Building Loan Agreement.

Following the execution of the agreements, construction continued and the Bank increased the scope of the project. Morea then asked Saywitz for repayment of certain expenses, but the parties could not agree as to the conditions for such a repayment. Thereafter, the Bank initiated the foreclosure action referenced in footnote one, *supra*. The basis of the alleged

default was that the project had not been completed by the dates required by the parties' agreements. After initiating the foreclosure proceeding, the Bank entered the property and changed the locks.

## DISCUSSION

A.  *Motion to Dismiss*

Motions to dismiss pursuant to Rule 12(b)(6) test the legal, not the factual, sufficiency of a complaint. *See, e.g.*, *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000) ("At the Rule 12(b)(6) stage, 'the issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'" (quoting *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998))). Accordingly, I must accept the factual allegations in the complaint as true, *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (*per curiam*), and draw all reasonable inferences in favor of the plaintiff. *Bolt Elec., Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In its decision in *Iqbal*, the Supreme Court offered district courts additional guidance regarding the consideration of motions to dismiss under Rule 12(b)(6). Citing its earlier decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Court explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

129 S. Ct. at 1949 (citations and internal quotation marks omitted).

1. *The Claims Against Saywitz Individually*

The plaintiffs have named Saywitz, the principal of the Bank, as an individual defendant. Specifically, they bring claims for breach of fiduciary duty, abuse of process, conversion, trespass and fraud against Saywitz. The defendants argue that the plaintiffs have not sufficiently alleged a justification for piercing the corporate veil of the Bank.

"New York courts disregard corporate form reluctantly and allow[] individuals to incorporate for the very purpose of avoiding personal liability." *Bridgestone/Firestone, Inc. v. Recovery Credit Servs.,* 98 F.3d 13, 17 (2d Cir. 1996)(internal citations and quotation marks omitted).[2] Courts will pierce the corporate veil only if the corporate "form has been used to achieve fraud, or when the corporation has been so dominated by an individual or another corporation … and its separate identity so disregarded, that it primarily transacted the dominator's business rather than its own." *Id.* at 17-18.

In contrast, however, "corporate directors and officers who commit or participate in the commission of a tort, even if it be for the corporation's benefit, can indeed be held personally liable for any ensuing injuries …." *Ferreira v. Unirubio Music Publishing,* No. 02-CV-805, 2002 U.S. Dist. LEXIS 10579, at *10 (S.D.N.Y. June 13, 2002); *see also State of New York v. Shore Realty Corp.,* 759 F.2d 1032, 1052 (2d Cir. 1985)("New York courts have held that a corporate officer who controls corporate conduct and thus is an active individual participant in that conduct is liable for the torts of the corporation."). In this case, the plaintiffs have brought claims against Saywitz sounding only in tort. For each claim, the plaintiffs have sufficiently alleged that Saywitz participated in the commission of the tort and, accordingly, need

---

[2] "[U]nder New York choice of law principles, 'the law of the state of incorporation determines when the corporate form will be disregarded and liability will be imposed on shareholders.'" *Fletcher v. Atex, Inc.,* 68 F.3d 1451, 1456 (2d Cir. 1995). The Bank is incorporated under the laws of the State of Illinois. However, the parties agreed at oral argument that I should use New York law to decide the issues here and that there is no material

4

not allege a justification for piercing the corporate veil. Accordingly, Saywitz is properly joined as a defendant in this case.

2. *Breach of Contract Claim*

The Bank argues that the plaintiffs have failed to state a claim for breach of contract. Specifically, it contends that the plaintiffs have incorrectly characterized their agreement as a "Joint Venture Agreement." The Bank argues that there was no such agreement and, accordingly, there could be no breach of such an agreement.

It is undisputed that the parties entered into a Building Loan Agreement. It is from this agreement that the plaintiffs' breach of contract claim arises. In their complaint, the plaintiffs allege that the basis for the Bank's claim that Charm defaulted on the loan -- that the project had failed to meet a required construction milestone --- was "false and proffered in bad faith." Compl. at 5. As a result, the plaintiffs argue that there was no "event of default" properly triggering the Bank's right to deem plaintiffs in default on the loan. Therefore, regardless of whether the parties formed a joint venture, the plaintiffs have adequately alleged that the Bank has breached the Building Loan Agreement by improperly declaring plaintiffs' default on the loan. Accordingly, the motion to dismiss is denied as to the plaintiffs' breach of contract claim.

3. *Breach of Fiduciary Duty*

The plaintiffs also bring a claim for breach of fiduciary duty against Saywitz and the Bank. A contract between a lender and borrower is insufficient on its own to establish a fiduciary relationship. *See In re Midisland Hosp., Inc.,* 276 F.3d 123, 129 (2d Cir. 2002)("A debtor-creditor relationship is not by itself a fiduciary relationship although the addition of 'a relationship of confidence, trust, or superior knowledge or control' may indicate such a relationship exists."). The plaintiffs argue that the characterization of the parties' relationship is

---

difference between the laws of New York and Illinois on these issues.

irrelevant. However, they must allege facts giving rise to a fiduciary duty on the part of the defendants in order to state a claim for breach of fiduciary duty.

It appears from the complaint that the plaintiffs contend that the parties' agreement was a joint venture. However, an "indispens[a]ble" element of a joint venture is "a mutual promise or undertaking of the parties to share in the profits of the business and submit to the burden of making good the losses." *Jacobs v. Baum*, No. 07-CV-167, 2008 U.S. Dist. LEXIS 22991, at *17 (N.D.N.Y. Mar. 24, 2008)(quoting *Matter of Steinbeck v. Gerosa*, 4 N.Y.2d 302, 317 (1958)). Where the plaintiffs fail to adequately allege that the parties agreed to share the losses, "a cause of action alleging a joint venture should be dismissed." *Id.* at *17-18 (citing *Latture v. Smith*, 766 N.Y.S.2d 906, 906-07 (2d Dep't 2003)); *see also Rocchio v. Biondi*, 835 N.Y.S.2d 401, 403 (2d Dep't 2007)("A joint venture does not arise simply because two parties have agreed together to act in concert to achieve some stated economic objective." (quoting *Steinbeck*, 4 N.Y.2d at 317)). In this case, the plaintiffs do not allege that the parties agreed to share their losses, and a review of the relevant documents reveals that no such agreement existed.[3] Accordingly, the defendants' motion to dismiss the breach of fiduciary duty claim is granted.

    4.  *Abuse of Process*

The plaintiffs allege that the defendants abused process by "repeated service of default notices and institution of lawsuits." Compl. at 7. To state a claim for malicious abuse of process under New York law, a plaintiff must allege that the defendants "(1) employ[ed] regularly issued legal process to compel performance or forbearance of some act[,] (2) with

---

[3] I am permitted to consider the Building Loan Agreement, which was attached to the defendant's motion, because "the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Madu, Edozie & Madu, P.C. v. Socketworks Ltd. Nigeria,* No. 07-CV-11028, 2010 U.S. Dist. LEXIS 6239, at *42 (S.D.N.Y. Jan. 26, 2010)(quoting *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir.

intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Savino v. City of New York*, 331 F.3d 63, 76 (2d Cir. 2003)(quoting *Cook v. Sheldon,* 41 F.3d 73, 80 (2d Cir. 1994)). In addition, a party "must allege and prove actual or special damages in order to recover." *Bd. of Educ. of Farmingdale Union Free Sch. District v. Farmingdale Classroom Teachers Assoc.,* 38 N.Y.2d 397, 405 (1975); *see also Mitchell v. County of Nassau*, No. 05-CV-4957, 2007 U.S. Dist. LEXIS 38711, at *40-41 (E.D.N.Y. May 24, 2007)("[P]laintiff's abuse of process claim fails as a matter of law for, *inter alia*, plaintiff's failure to plead special damages.").[4] Special damages are "specific and measurable loss[es], … [which] must be alleged with sufficient particularity to identify actual los[s]es and be related causally to the alleged tortious acts." *Baez v. Jetblue Airways Corp.,* No. 09-CV-596, 2009 U.S. Dist. LEXIS 67020, at *25 n. 10 (E.D.N.Y. Aug. 3, 2009)(internal citations and quotation marks omitted). In this case, the plaintiffs have failed to allege special or actual damages resulting from the defendants' alleged abuse of process. Therefore, the defendants' motion to dismiss this claim is granted.

5. *Conversion*

Plaintiffs allege that Saywitz and the Bank converted the property being developed. "Conversion occurs when a defendant exercises unauthorized dominion over

---

2002)).

[4] The defendants argue that the plaintiffs claim must fail as a matter of law because filing suit and issuing a summons is insufficient to state a claim for abuse of process. The New York Court of Appeals has not yet decided this issue. In *Parkin v. Cornell Univ., Inc.,* 78 N.Y.2d 523 (1991), the Court stated:

> The Appellate Division's alternative holding that abuse of process requires some improper conduct *after* issuance of process finds support in the language of several of our cases …. It is not clear, however, whether this language should be viewed as a strict and limiting definition of the tort or whether it is merely illustrative …. [N]othing in this Court's holdings would seem to preclude an abuse of process claim based on the issuance of process itself. We leave the question open for the present, however.

78 N.Y.2d at 530 (citations omitted)*; but see Curiano v. Suozzi*, 63 N.Y.2d 113, 117 (1984)("Moreover, plaintiffs have not alleged the 'gist of the action for abuse of process', which is 'the improper use of process after it is

personal property in interference with a plaintiff's legal title or superior right of possession." *LoPresti v. Terwilliger*, 126 F.3d 34, 41 (2d Cir. 1997). A claim for conversion cannot be maintained when the property at issue is real property. *Estate of Albin v. Mertz*, No. 01-CV-2664, 2002 U.S. Dist. LEXIS 15710, at *31 (S.D.N.Y. Mar. 15, 2006)(citing *Feinberg v. Katz,* No. 99-CV-45, 2002 U.S. Dist. LEXIS 13771, at *55 n. 9 (S.D.N.Y. July 26, 2002)); *see also Roemer v. Featherstonhaugh, P.C. v. Featherstonehaugh*, 699 N.Y.S.2d 603, 604 (3d Dep't 1999)("[W]hether the property claimed to have been converted is real property, as alleged in the complaint, or an interest or expectancy in a business opportunity, as plaintiff now alleges, conversion will not lie."). As the plaintiffs allege that the defendants converted the real property involved in the construction project, the claim for conversion fails as a matter of law. Accordingly, the defendants' motion to dismiss this claim is granted.

      6.     *Trespass*

The plaintiffs also bring a claim for trespass against the defendants. A cause of action for civil trespass will lie when the defendants "without justification or permission, either intentionally entered upon another's property, or, if entry was permitted, that person refused 'to leave after permission to remain ha[d] been withdrawn." *Long Island Gynecological Svcs. v. Murphy*, 748 N.Y.S.2d 776, 777 (2002)(quoting *Rager v. McCloskey*, 305 N.Y. 75, 79 (1958)). The defendants argue that the plaintiffs' claim fails because the Bank entered the property with justification. Specifically, the defendants contend that parties' agreement gave the Bank the right to take possession of the land and complete the project upon the event of default by the plaintiffs. However, the plaintiffs contend that there was no such event of default in this case and, thus, the Bank deemed them in default without justification. If the Bank was without justification for deeming the loan in default then it was without justification in taking possession

---

issued.'"). I need not reach that issue now, because the plaintiffs have failed to allege special damages.

of the property. Accordingly, though the plaintiffs' cause of action for trespass seems duplicative of its claim for breach of the loan agreement, it has been sufficiently alleged and should not be dismissed at this stage.

    7.    *Fraud*

Lastly, the plaintiffs have alleged a claim of fraud against Saywitz. Under New York law, in order to bring a claim for fraudulent misrepresentation, a plaintiff must allege "a representation of material fact, the falsity of the representation, knowledge by the party making the representation that it was false when made, justifiable reliance by the plaintiff and resulting injury." *Lerner v. Fleet Bank, N.A.,* 459 F.3d 273, 291 (2d Cir. 2006). The Federal Rules of Civil Procedure require that a party alleging fraud "must state with particularity the circumstances constituting fraud …. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The Second Circuit has held that compliance with Rule 9(b) requires a plaintiff to: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Lerner,* 459 F.3d at 290 (quoting *Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1175 (2d Cir. 1993)). The defendants argue that the plaintiffs have failed to allege their fraud claims with particularity. I agree.

The plaintiffs allege that "[t]he representations by Saywitz of a 50-50 joint venture were false when made." Compl. at 9. However, the plaintiffs do not allege the specific statements made by Saywitz or why those statements were fraudulent. Accordingly, the defendants' motion to dismiss must be granted.

9

## CONCLUSION

For the reasons stated above, the defendants' motions to dismiss are granted in part and denied in part. If the plaintiffs wish to file an amended complaint repleading the fraud claim, they must do so on or before February 19, 2010.

So ordered.

John Gleeson, U.S.D.J.

Dated: February 8, 2010
      Brooklyn, New York